IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | 09-cr-61-bbc |
| DERRICK SYKES, | |
| Defendant. | |

_____

REPORT

The grand jury has charged defendant Derrick Sykes with possessing about 17 grams of crack cocaine with intent to distribute it. Sykes has reached a plea agreement with the government and intends to plead guilty in about two weeks, but he still would like a ruling on his motion to quash the search warrant that led to the recovery of the contraband charged against him. *See* dkt. 29. Sykes argues that the warrant was not supported by probable cause. The government disagrees and invokes the good faith doctrine as a safety net. For the reasons stated below, I am recommending that the court deny Sykes's motion.

FACTS

On April 15, 2009, Detective Brian Pittsley of the Waunakee Police Department applied to the Dane County Circuit Court for a warrant to search the single-family home at 700 Raymond Road in Waunakee, the residence of Derrick Sykes. Sykes has attached a copy of Detective Pittsley's affidavit to his brief (dkt. 49, exh. A ). By way of synopsis, Detective Pittsley begins with pages of boilerplate observations based on his training and experience that

drug traffickers commonly store drugs, packaging materials (which "typically include baggies, torn or cut-off baggie corners . . .", exh. A ¶ j), money, records and firearms in their homes.

On February 23, 2009, an anonymous caller telephoned the Waunakee Police Department to report a substantial amount of short term foot traffic at 700 Raymond Road in Waunakee (the residence). The caller reported that lots of people were walking to the door, making brief contact with someone inside, then leaving a minute or two later without having entered the residence. Detective Pittsley stated that this type of short-term traffic often is associated with drug sales.

In response to this tip, the police performed three trash picks at the residence. On March 11, 2009, police recovered from the trash 13 cornered clear sandwich baggies, some with traces of white powder, one covered with white powder that field-tested positive for the presence of cocaine. On March 18, 2009, police recovered 26 cornered clear sandwich bags, some with traces of white powder. On April 15, 2009, police recovered 44 cornered clear plastic sandwich baggies, some with traces of white powder, one of which field-tested positive for the presence of cocaine.

Detective Pittsley explained that drug dealers commonly packaged their product in the knotted corners of clear plastic sandwich baggies, and this was his opinion as to what the three trash picks had revealed. He further opined that the quantity of items seized were consistent with someone who was dealing drugs.[1]

---

[1] Police also recovered 36 vinyl gloves at the second pick and 70 vinyl gloves plus an an at-home test for cocaine and an empty bag for Fast Flush capsules at the third pick. Because Detective Pittsley declined to explain the significance of these items (including the fact that Sykes was on state probation at the time), they are irrelevant to the probable cause analysis.

The state court issued the requested warrant, the execution of which resulted in the discovery and seizure of the contraband charged against Sykes in this case.

ANALYSIS

Sykes contends that the search warrant lacked probable cause, arguing that the informant's telephonic tip is worthless, there is no proof the police honored the boundaries of Sykes's curtilage when they seized his trash, and that in any event, the evidence from the trash picks is not enough to establish probable cause. *See* dkt. 50. The government addresses each point in turn, conceding point one, disputing two and three, then invoking the good faith doctrine of *United States v. Leon*, 468 U.S. 897 (1984). Sykes chose not to file a reply brief.

I agree that the anonymous tip adds virtually nothing to the probable cause analysis, although it is necessary to explain why the police decided to search Sykes's trash in the first place. As for the legality of the police seizure of Sykes's trash, search warrants are presumed to be valid, *see Franks v. Delaware*, 438 U.S. 154, 171(1978), and Sykes has not rebutted this presumption with the required substantial preliminary showing of police misconduct, *id.* at 155-56. Therefore, evidence obtained from the trash picks was properly before the state court when it decided to issue the warrant.

So the question is whether this evidence provided probable cause to search Sykes's house. Probable cause is established when the information in the supporting affidavit, taken as a whole, provides sufficient evidence to induce a reasonably prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found. *United States v. Millbrook*, 553

3

F.3d 1057, 1061 (7th Cir. 2009); *United States v. Watzman*, 486 F.3d 1004, 1007 (7th Cir. 2007). This is a low evidentiary threshold, requiring only a probability or a substantial chance of criminal activity, not an actual showing of such activity. *United States v. Roth*, 201 F.3d 888, 893 (7th Cir. 2000), *quoting Illinois v. Gates*, 462 U.S. 213, 244 (1983).  The court, acting as fact-finder, may employ common sense in making reasonable inferences from circumstantial evidence. *Cf. United States v. Stark*, 309 F.3d 1017, 1021-22 (7th Cir. 2002) (rebuffing defendant's challenge to the sufficiency of evidence at trial).

Here, three times in five weeks the police found in Sykes's trash between 13 and 44 "cornered" plastic baggies,[2] many powdered with white residue, which when tested (twice), showed the presence of cocaine.  Detective Pittsley, a trained and experienced drug crime investigator, explained the significance of these 83 powdery sandwich bags to drug dealing, offering knowledge that has percolated into mainstream consciousness to the point that it hardly requires an expert's opinion.  This evidence easily established probable cause that someone was packaging cocaine for resale inside the house at 700 Raymond Road.  Therefore, the search warrant was valid.

There is no analytical need to address the government's fallback good faith argument, but for what it's worth, even if this warrant application were closer to the line, it was not so bare bones that it was improper for the Waunakee Police to rely on the warrant issued by the court. *See United States v. Millbrook*, 553 F.3d at 1061-62, citing *United States v. Leon*, 468 U.S. at 922-23.

---

[2]  Perhaps Detective Pittsley meant "*de*-cornered" plastic bags, but that's not what he said.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and for the reasons stated above, I recommend that this court deny defendant Derrick Sykes's motion to suppress evidence.

Entered this 24th day of July, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of
STEPHEN L. CROCKER
U.S. Magistrate Judge

Telephone
(608) 264-5153

July 24, 2009

Elizabeth Altman
Assistant United States Attorney
660 West Washington Avenue, #303
Madison, WI 53703

Steven J. Meshbesher
Meshbesher & Associates
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402

      Re:   United States v. Derrick Sykes
              Case No. 09-cr-61-bbc

Dear Counsel:

    The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

    The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

    In accordance with the provisions set forth in the memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before August 7, 2009, by filing a memorandum with the court with a copy to opposing counsel.

    If no memorandum is received by August 7, 2009, the court will proceed to consider the magistrate judge's Report and Recommendation.

                            Sincerely,

                            /s/

                            Connie A. Korth
                            Secretary to Magistrate Judge Crocker

Enclosures
cc:    Honorable Barbara B. Crabb, District Judge

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

      (1) injunctive relief;

      (2) judgment on the pleadings;

      (3) summary judgment;

      (4) to dismiss or quash an indictment or information;

      (5) to suppress evidence in a criminal case;

      (6) to dismiss or to permit maintenance of a class action;

      (7) to dismiss for failure to state a claim upon which relief can be granted;

      (8) to dismiss actions involuntarily; and

      (9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation. Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections.  An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection.  Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects.  The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection.  The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions.  The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.** *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).