IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                              ORDER

Plaintiff,

                                                                           09-cr-61-bbc

v.

DERRICK SYKES,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 7, 2011, defendant Derrick Sykes filed a document entitled "Defendant's Constitutional and Jurisdictional Error Defect Nunc Pro Tunc Motion to Avoid [A] Fundamental Miscarriage of Justice–To Void judgment as to the Two Point Enhancement," contending that the court erred in imposing a gun enhancement under USSG §2D1.1(b)(1) at sentencing both because the gun possession was not formally charged in an indictment and because he did not have constructive possession of the shotgun. In an order entered on April 15, 2011, I construed defendant's motion as a motion for post conviction relief under 28 U.S.C. § 2255 and denied it as untimely. On April 19, 2011, defendant filed a motion for reconsideration in which he alleged that the court erred when it construed his motion as one brought under 28 U.S.C. § 2255, without first giving defendant notice that it was doing

1

so. In an order dated May 6, 2011, I denied defendant's motion. Now defendant has filed a notice of appeal of the May 6, 2011 order.

Defendant's notice of appeal was not accompanied by the $455 fee for filing an appeal. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I construe it as including a request for leave to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915. According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Although defendant had retained counsel for his criminal proceeding, I find from the presentence report that he is now eligible for appointed counsel. Therefore, he can proceed on appeal unless I find that his appeal is taken in bad faith, which I do. The law is clear that any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). In defendant's case, giving him notice of the recharacterization would have made no difference as his time limit for filing a § 2255 motion had already expired. Therefore, I will deny defendant's request to proceed in forma pauperis on appeal.

2

ORDER

IT IS ORDERED that defendant Derrick Sykes's request for leave to proceed <u>in forma pauperis</u> on appeal is DENIED. A certificate of appealability was previously denied in the court's order of April 15, 2011.

Entered this 2d day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge