IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                        ORDER

      v.                                09-cr-61-bbc-1

DERRICK D. SYKES,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Derrick Sykes' supervised release was held on April 14, 2016, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Timothy O'Shea. Defendant was present in person and by counsel, William Jones. Also present was U.S. Probation Officer Nicholas A. Tuma.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on October 22, 2009, following his conviction for the Class B felony of possession with intent to distribute five grams or more of a substance containing crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1). He was committed to the custody of the Bureau of Prisons for a term of 78 months, with a four-year term of supervised release to follow. Defendant began his term of supervised release on March 18, 2015.

Defendant violated Standard Condition No. 4, prohibiting him from the use of alcohol and illegal drugs and requiring him to participate in substance abuse treatment and random drug testing, when he traveled to Puerto Rico in March 2015 without permission from his probation officer and consumed alcoholic beverages while there.  On March 9, 2016, he admitted to his probation officer that he had been drinking alcohol on March 6, 2016, the night he was arrested for operating while intoxicated.  On June 11, 2015, he provided a breath sample that tested positive for alcohol use.  On August 12, 2015, November 10 and 20, 2015 and on December 24, 2015, defendant failed to report for random drug testing.

Defendant violated Standard Condition No. 3 requiring him to answer truthfully all inquiries by the probation office, when on June 11, 2015, he denied the use of alcohol on two separate occasions.

Defendant's conduct falls into the category of Grade C violations under USSG § 7B1.1(a)(3).  In addressing Grade C violations, the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision.

CONCLUSIONS

Defendant's criminal history category is VI.  Because his violations are considered Grade C violations, he has an advisory guideline range of imprisonment of eight to fourteen months. The statutory maximum to which he could be sentenced upon revocation is three years under 18 U.S.C. § 3583(e)(2), because his original conviction was for a Class B felony.  If the term of supervised release is revoked, 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow

imprisonment.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I have decided to modify defendant's supervised release to allow him to participate in residential treatment for his alcohol addiction. Although his past actions have shown to others that defendant has severe problems with alcohol, defendant has not recognized how serious they are. It is only recently that defendant has admitted his dependance on alcohol to the supervising probation officer, which is a critical step toward recovery. The following modification of the conditions of his supervised release is designed to give defendant an opportunity to take the next steps toward that goal.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Derrick Sykes on October 22, 2009 is MODIFIED, as follows: Defendant is to resume the use of an ankle monitor, and remain at his residence except for absences approved in advance by his supervising probation officer. The officer is to continue to monitor defendant's sobriety with breathalyzer tests. These conditions shall remain in force until defendant has finished this semester's work at Madison Area Technical College and a bed is available at the ATTIC Residential Treatment Program. The following special conditions are imposed on defendant to respond to his recent history of non-compliance and his need for corrective and rehabilitative programming:

    Special Condition No. 7:   Defendant is not to enter any establishment whose primary business is the sale of alcoholic beverages.

    Special Condition No. 8:   Defendant is to complete the ATTIC Residential Treatment Program, as approved by the supervising United States

3

Probation Officer, with admission upon the first available vacancy, which is estimated to be mid-May 2016.

The additional conditions of supervised release outlined and justified in the Petition For Summons For Offender under Supervision, dkt. #99, remain appropriate. All of them are reasonably related to defendant's personal history and characteristics, including his noncompliant behavior while under supervision and the underlying facts that led to his conviction in this offense.

Entered this 15th day of April, 2016.

BY THE COURT:

/s/

Barbara B. Crabb
District Judge