IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

               Plaintiff,                  ORDER

                v.                        09-cr-61-bbc-1

DERRICK D. SYKES,

               Defendant.

---

A hearing on the probation office's petition for judicial review of Derrick Sykes' supervised release was held on December 14, 2018, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by counsel, William Jones. Also present was U.S. Probation Officer Nicholas A. Tuma.

From the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on October 22, 2009, following his conviction for possession with intent to distribute five grams or more of a substance containing crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 78 months, with a four-year term of supervised release to follow. Defendant began his term of supervised

release on March 18, 2015.

Defendant violated Special Condition No. 4, requiring him to abstain from the use of alcohol and illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. He admitted drinking after his May 9, 2018, arrest and on other occasions around that same time.

CONCLUSIONS

Defendant's criminal history score falls within Criminal History Category VI. When coupled with a Grade C violation, the advisory guideline range of imprisonment is 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is three years under 18 U.S.C. § 3583(e)(3), because the offense of conviction is a Class B felony. 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

It is not certain that defendant purposefully avoided reporting to his probation officer on September 14, 2014, when he went to work instead of keeping the scheduled meeting they were to have. Defendant says that he left because the officer was late and defendant had to get to work, but he could have called the officer to check on his whereabouts. Nevertheless, I am not persuaded that revocation is required at this point. It is the case that defendant is facing charges in state court for two arrests involving alcohol, once on May 9, 2018 and once on October 9, 2018. On the other hand, he has taken steps to build a business as a barber and seems to have be successful so far. Whether he

will be able to overcome his drinking problem and maintain his efforts to succeed at a lawful employment is still to be determined.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 22, 2009, shall continue in effect.

Entered this 14th day of December, 2018.

BY THE COURT:

/s/
Barbara B. Crabb
District Judge